IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   CRIMINAL NO. 15-0219-WS |
| | ) |
| KAYLON LEE HALL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant Kaylon Lee Hall's *pro se* filing which is liberally construed as a Motion to Modify Sentence (doc. 72).

The court file reflects that Hall entered a guilty plea to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On May 18, 2016, the undersigned sentenced Hall to a term of imprisonment of 87 months on this count. (Doc. 55.) At the time of Hall's sentencing in this Court, there were pending state charges against him arising from the same underlying conduct; indeed, such unresolved charges were reflected in the Presentence Investigation Report and were known to the undersigned at the time of sentencing. (*See* doc. 47, ¶ 38, PageID.159.) Hall indicates that he has since been convicted and sentenced on the state charges, with the state court ordering that sentence to run concurrently with his federal sentence.

In his Motion, Hall asks that this Court order his federal sentence to run concurrently with his state sentence by giving him "a concurrent designation for the time spent in state custody." (Doc. 72, PageID.318.) The problem with this request is that the law is crystal clear that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Hall correctly acknowledges that the Judgment entered in this case "was silent on the pending [state] charge." (Doc. 72, PageID.318.) Thus, despite being aware of the related state charges, this Court did not order the terms of Hall's federal sentence to run concurrently with whatever state sentence might be imposed. As such, the effect of this Court's imposition of sentence was to require his federal sentence to run consecutively to his state sentence, pursuant to § 3584(a). Insofar as Hall is

asking this Court to amend his Judgment to modify that federal sentence now by ordering it to run concurrently with his state sentence, the Court lacks jurisdiction to do so. It is well settled that sentencing courts do not possess "some sort of inherent authority to modify a sentence" whenever they wish. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002). Indeed, the law is clear that "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed"). "A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35." *United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010). Neither Rule 35 nor any statute would appear to authorize modification of a sentence from consecutive to concurrent under the circumstances described by Hall here. Accordingly, this Court lacks authority to grant the Motion and modify Hall's federal sentence at this time to run it concurrently with his state sentence.

DONE and ORDERED this 9th day of July, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE